IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 1:21-cr-01505-MLG

HENRY DEREK CHAVEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO SUPPRESS

Henry Chavez was riding his motorcycle along Central Avenue in Albuquerque, New Mexico when law enforcement pulled him over for an improper lane change and failure to signal. Doc. 23 at 1 ¶ 1; Doc. 43 at 1. During the stop, the officer saw a bulge near Chavez's hip that looked like a gun; he removed the gun for safety reasons, searched Chavez's pockets, and found fentanyl and cocaine. Doc. 23 at 1-2; Doc. 43 at 1, 4. When Chavez told the officer his name, the officer searched his criminal history and discovered that he was a felon who was on probation, and therefore that his possession of the gun violated the law. Doc. 43 at 1.

Chavez seeks to suppress all evidence from the stop, including any statements he made, on the basis that the stop was improper. *See* generally Doc. 23. Specifically, he argues that video evidence of the encounter does not support a finding of reasonable suspicion or any other exception to the warrant requirement. *Id.* Having reviewed the parties' submissions, the applicable law, and having considered the lapel and dashboard camera footage of the stop, the Court finds that suppression is not appropriate and therefore denies Chavez's motion.

1

## ANALYSIS

I. **The officer was legally authorized to pull Chavez over.**

The Fourth Amendment forbids unreasonable searches and seizures. U.S. Const. amend. IV. In keeping with this standard, "warrantless searches are allowed when the circumstances make it reasonable, within the meaning of the Fourth Amendment, to dispense with the warrant requirement." *Kentucky v. King*, 563 U.S. 452, 462 (2011). For example, law enforcement may conduct a traffic stop without a warrant if the officer has "(1) probable cause to believe a traffic violation has occurred, or (2) a reasonable articulable suspicion that a particular motorist has violated any of the traffic or equipment regulations of the jurisdiction." *United States v. Winder*, 557 F.3d 1129, 1134 (10th Cir. 2009).

Here, the officer claimed that Chavez changed lanes unsafely and failed to use his turn signal. Government Exhibit labeled "Det. Candelaria_L_371_Henry Chavez(2)" (lapel camera footage) (lodged with Court) at 0:22-0:24. Having reviewed the dashboard camera footage, the Court cannot confirm whether Chavez signaled his lane change, but the footage plainly shows that he crossed a solid white line. Government Exhibit labeled "BN016 Det_Candelaria_L_371(3)" (dashboard camera footage) (lodged with Court) at 00:27. This maneuver violated New Mexico traffic law. NMSA 1978, § 66-7-315(A) (2003)[1] provides as follows:

> The state transportation commission and local authorities may determine those portions of any highway under their respective jurisdictions where overtaking and passing or driving on the left of the roadway would be especially hazardous and may, by appropriate signs or markings on the roadway, indicate the beginning and

---

[1] The United States identifies the provision at issue as NMSA 1978, § 66-7-317(A), which dictates that a vehicle should drive within a single lane until a safe lane change can be made. Doc. 43 at 3. There is a colorable argument to be made that a lane change is unsafe when it takes place close enough to an intersection that the lane markings have changed to indicate that drivers should stay in their lanes. However, the Court finds the provision best applicable to Chavez's decision to cross a solid white line to be Section 66-7-315(A), which addresses the roadway markings that govern passing between lanes.

> end of such zones. When the signs or markings are in place and clearly visible to an ordinarily observant person, every driver of a vehicle shall obey the directions of the signs or markings.

That is, drivers are obligated to obey signs or roadway markings that indicate the beginning and end of no-passing zones. Solid white lane lines are one such roadway marking. *New Mexico Driver Manual*, New Mexico Motor Vehicle Division, 11 (Dec. 5, 2020), https://www.mvd.newmexico.gov/mvd-drivers-license-manuals/ ("A solid white line between lanes of traffic means that you should stay in your lane unless a special situation requires you to change lanes.") (PDF accessible via link). Because Chavez crossed a solid white line, law enforcement had reasonable suspicion to believe that Chavez had violated Section 66-7-315(A) and it was lawful of the officer to pull him over.

## II.     The officer was legally authorized to pat Chavez down for weapons.

The United States Supreme Court has held that "to justify a patdown of the driver or a passenger during a traffic stop, . . . the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 327 (2009). Here, the officer observed "a bulge on the right side of [Chavez's] hip" that looked like "the outline of the bottom end of a handgun." Doc. 23 at 1; *see also* Doc. 1 at 3 ¶ 5. The Court finds that a reasonable officer, seeing that a driver at a traffic stop has a bulge in his pocket in the shape of a weapon, would remove that suspected weapon for everyone's safety during the stop. *See Rodriguez v. United States*, 575 U.S. 348, 354 (2015) (explaining that the "mission" of traffic stop is "to address the traffic violation that warranted the stop" and to "attend to related safety concerns" (internal quotations omitted)).

Over the course of the patdown, the officer also searched Chavez's pockets and found illegal drugs. Doc. 23 at 1-2. He made this discovery incident to his permissible search for weapons

and therefore the Court is inclined to find that the seizure of the contraband was reasonable. However, because the United States does not intend to introduce the drug evidence in its case-in-chief, Doc. 43 at 4, the Court has no reason to rule on that specific issue at this time.

## CONCLUSION

Because both the initial detention and the subsequent patdown were legally justified, the Court denies Chavez's motion to suppress. Doc. 23.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA